Shirley NEUFELD, et al., Plaintiffs,

v.

Jacob NEUFELD, Defendant.

No. 93 Civ. 8131 (CBM).

United States District Court,
S.D. New York.

Nov. 14, 1996.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant Jacob Neufeld makes this motion pursuant to Federal Rule of Civil Procedure 37(d) asking the court to direct Plaintiff to pay the sum of $3012.45 for what he alleges are the reasonable expenses and attorney's fees incurred by Defendant as a result of Plaintiff's failure to comply with an Order of this court directing her to appear for a deposition. Because the court finds that Plaintiff's failure to appear was not substantially justified, this court grants Defendant's motion, but only in the amount of $1669.20, as the sum requested by Defendant is excessive and unreasonable.

## BACKGROUND

The facts of the underlying dispute are set forth in this court's previous decision in this case denying defendant's motion to dismiss and familiarity therewith is assumed. *See Neufeld v. Neufeld,* 910 F.Supp. 977 (S.D.N.Y.1996).

Discovery has taken an inordinately long time for a case that does not seem to require a great deal of it. Most relevant to this motion, the depositions of Plaintiff Shirley Neufeld and Defendant Jacob Neufeld have yet to be taken. The January 26 Order required that depositions be taken in the month of May. Plaintiff's counsel and Defendant's counsel agreed on a tentative date of May 22 to depose Plaintiff, but this was never confirmed, and Defendant did not file a Notice of Deposition until May 29, 1996, demanding that Plaintiff appear on June 10, 1996. One day before this deposition was to take place, Plaintiff's counsel informed Defendant's counsel that the deposition would have to be rescheduled, but this was never done.

On June 27, 1996, this court ordered that all depositions take place on July 8, 9, and 10 and that no extensions would be granted under any circumstances. On July 3, however, Plaintiff Shirley Neufeld "discharged" her attorney, informing both the court and Defendant's counsel of this fact. Plaintiffs' former counsel sent a letter to the court on July 8, informing the court that he could not conduct the deposition scheduled for Plaintiff Shirley Neufeld given her request for dismissal and he moved on that date to be relieved as attorney of record. Defendant nonetheless appeared on July 8 [1], the date of his deposition, and July 9, the date of Plaintiff's deposition, but as neither Plaintiff nor her attorney of record appeared, no depositions were taken. On July 17, Defendant filed the pending motion for dismissal and attorney's fees.

## ANALYSIS

### I. Imposing Sanctions

District courts have wide discretion in determining whether or not sanctions should be

imposed. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976). Furthermore, compensation for incurred expenses is the mildest of all sanctions listed in Rule 37. *See Cine Forty–Second Street Theatre Corp v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979). In fact, as the text of the rule makes clear, the party who has failed to appear for a deposition bears the burden of demonstrating a substantial justification for her absence. Fed.R.Civ.P. 37(d).

■ Plaintiff insists that her failure to appear is justifiable because she had just dismissed her counsel only days before the scheduled deposition. However, a fact that both parties seem to ignore in their papers is that this dismissal was invalid until approved by Order of the court under Rule 3(c) of the Local Civil Rules. Civil Rule 3(c), U.S.DIST.CTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK, JOINT RULES FOR GENERAL, CIVIL, CRIMINAL, ADMIRALTY AND MAGISTRATE JUDGE PROCEEDINGS. Thus, the attorney of record, Mr. Knull, remained Plaintiff's attorney until August 8, 1996, when the court explicitly gave Plaintiff leave to search for another attorney. While it is true that the Rule 3(c) motion to relieve counsel was filed before Plaintiff's scheduled deposition, it was filed only one day before and no motion to delay the taking of depositions was filed therewith.

Plaintiff also asserts that she is not at fault because her counsel failed to communicate with her properly. It is perfectly clear from the record, however, that Plaintiff was advised of a July 9 deposition nearly a week before and that she told her attorney, just before "discharging" him, that she would not attend. This failure therefore seems much more Plaintiff's fault than her attorney's.

Defendant also seeks compensation for his travel from Maryland to New York to appear for a deposition which was not taken. Plaintiff maintains that no fees should be given to Defendant for his travel from Maryland to New York because he should have known

---

**1.** Defendant lives in Maryland and drove to New York to attend the deposition.

from July 3 that Plaintiff could not adhere to the deposition schedule in light of the fact that she was without counsel. This argument is without merit. The court made very clear that there were to be no extensions of any kind granted to either party, and Defendant wisely chose to attend, even if he knew that it was unlikely that a deposition take place. Had Defendant failed to attend, it is conceivable that he himself would have been sanctioned for failing to adhere to the court Order.

## II. Requested Amount

Defendant and his counsel request $3012.45 from Plaintiff, an excessive sum given that only one deposition was missed. The following are his alleged expenses:

|  | Hours | Amount Per Hour | Total Amount |
|---|---|---|---|
| **Defendant's Counsel** |  |  |  |
| Calling Plaintiff's former counsel on July 3 to determine how to proceed. | 2.0 hours | $125 | $250 |
| Drafting a letter to Plaintiff's counsel informing him that Defendant is ready to have his deposition taken; discussions with Defendant. | 1.5 hours | $125 | $187.50 |
| Preparing Deposition for Plaintiff, waiting for her to appear, placing a statement on record for the court reporter. | 2.0 hours | $125 | $250 |
| Preparing Rule 37 motion, sending affidavits and appearing on the return date. | 11.0 hours | $125 | $1375 |
| Court Reporter and Transcript. |  |  | $99.95 |
| **Defendant** |  |  |  |
| Travel Expenses for trip to New York from Maryland. |  |  | $850.00 |

There are several reasons that the amount Defendant requests is far above what is proper under the circumstances. First of all, 2 hours is a great deal of time for his counsel to have spent calling Plaintiff's former counsel in order to determine how to proceed. The court feels that 1 hour is a more reasonable amount of time to have spent and accordingly grants him $125 for this expense.[2] In addition, 1.5 hours is too

2. The court finds that the requested rate of $125 per hour is reasonable under the circumstances.

much time to draft a simple one page letter to Plaintiff's counsel and discuss the situation with Defendant. Therefore, $93.75, half of what Defendant requests, will be granted. The court grants all of Defendant's requested $250 for preparing for the deposition of the Plaintiff and waiting for her to appear, and also grants him the entire cost of obtaining a court reporter and ordering a transcript.

■ With regard to the preparation of the Rule 37 motion, Defendant should not be awarded fees for the time his counsel spent arguing the motion because it was argued at a pretrial conference which counsel was required to attend regardless of whether Plaintiff had appeared for her deposition or not. Also, Defendant's Rule 37 motion consists of a motion to dismiss and a motion for attorney's fees. While the latter can be considered "caused by the failure" of Plaintiff, the same is not true of a motion to dismiss, which Defendant did not need to make to recover his lost expenses. Thus, his estimated 11 hours spent preparing the motion is excessive. The court grants $675.50, or half of what Defendant requests for preparing the motion. Finally, $850 is far too much money to give for a three day trip from Maryland to New York, particularly when the trip was made by car. The court again grants Defendant half of this expense, or $425.

Thus, the court finds that Defendant was forced to spend $1669.20 due to Plaintiff's inexcusable failure to appear for her deposition and accordingly grants him this amount pursuant to Rule 37.

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion filed simultaneously herewith, defendant's motion for sanctions is GRANTED in the amount of $1669.20.

SO ORDERED.